08-5573-ag
Riano v. Holder

BIA
Straus, IJ
A098 816 493
A098 814 355
A098 816 724

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand nine.

PRESENT:
        ROGER J. MINER,
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
                *Circuit Judges*.
_____

FERNANDO CARDENAS RIANO, AKA FERNANDO
RIANO CARDENAS; EDDA M. RODRIGUEZ;
DIEGO F. CARDENAS,
            *Petitioners*,

            v.                                  08-5573-ag
                                                NAC
ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL; JANET NAPOLITANO,
SECRETARY OF THE UNITED STATES

**DEPARTMENT OF HOMELAND SECURITY,**[*]
        *Respondents.*

_____

**FOR PETITIONERS:**      **Kevin E. Dehghani, New Haven, Connecticut.**

**FOR RESPONDENTS:**      **Michael F. Hertz, Acting Assistant Attorney General; Michael P. Lindemann, Assistant Director; Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Fernando Cardenas Riano, Edda M. Rodriguez, and Diego F. Cardenas, natives and citizens of Colombia, seek review of an October 22, 2008 order of the BIA, affirming the December 14, 2006 decision of Immigration Judge ("IJ") Michael W. Straus, which pretermitted as untimely their application for asylum, and denied their applications for

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey and Secretary Janet Napolitano is substituted for former Secretary Michael Chertoff as respondents in this case.

withholding of removal and relief under the Convention Against Torture ("CAT").  *In re Fernando Cardenas Riano, Edda M. Rodriguez, and Diego F. Cardenas*, Nos. A098 816 493, A098 814 355, A098 816 724 (B.I.A. Oct. 22, 2008), *aff'g* Nos. A098 816 493, A098 814 355, A098 816 724 (Immigr. Ct. Hartford, CT, Dec. 14, 2006).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review the IJ's decision insofar as it pretermitted petitioners' untimely asylum application, and we dismiss the petition for review to that extent.  *See* 8 U.S.C. § 1158(a)(3).

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  We review the agency's factual findings under the substantial evidence standard.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

3

To establish eligibility for withholding of removal, an applicant must establish that his past persecution or fear of persecution is *on account of* his race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1). Riano argues that he established that the harm he suffered and continues to fear bears a nexus to both his political opinion and his membership in the particular social group of wealthy landowners in Colombia. We decline to consider Riano's unexhausted argument that he demonstrated that the Revolutionary Armed Forces of Colombia ("FARC") threatened him on account of his political opinion. *See Lin Zhong v. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

The agency did not err in finding that Riano failed to demonstrate both that "wealthy landowners" constitutes a particular social group and that FARC threatened him on account of his membership in the particular social group of wealthy landowners in Colombia. *See* 8 C.F.R. § 1208.16(b)(1). Members of a particular social group must "share a common, immutable characteristic," which may be either innate or a product of shared past experience.

4

*Matter of Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A. 1985). "The shared characteristic might be an innate one such as sex, color, or kinship ties, or in some circumstances it might be a shared past experience such as former military leadership or land ownership." *Id.* The group characteristic must also entail a level of "social visibility" sufficient to identify members to others in the community, particularly to potential persecutors. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (citing *Matter of C-A-*, 23 I. & N. Dec. 951, 960 (B.I.A. 2006) and *Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74 (B.I.A. 2007)). In addition, the particular social group must be defined with sufficient particularity. *Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. at 76.

Riano's sole argument challenging the agency's determination that he failed to demonstrate that the threats he received were on account of his membership in a particular social group is his assertion that "wealthy landowner" is sufficiently distinguishable from "wealthy," a characteristic that was found not to define a particular social group in *Ucelo-Gomez*. In *Ucelo-Gomez*, 509 F.3d at 72, we found reasonable the BIA's precedential decision in *Matter of A-M-E & J-G-U-*, concluding that "wealthy

5

Guatemalans" did not constitute a particular social group because "[t]he characteristic of wealth or affluence is simply too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group." *Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. at 76; *see also id.* at 73–74. Riano argues that his particular social group of wealthy landowners in Colombia differs from the "wealthy Guatemalan" social group in *Ucelo-Gomez* because it includes land ownership in addition to wealth as a characteristic. However, simply because Riano's defined social group differs from the social group rejected in another case does not automatically lead to the conclusion that he demonstrated the social visibility or particularity required to satisfy the particular social group requirement. *See Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. at 74 (noting that "[w]hether a proposed group has a shared characteristic with the requisite 'social visibility' must be considered in the context of the country of concern and the persecution feared"); *see also Ucelo-Gomez*, 509 F.3d at 72–74. Riano does not cite any country conditions evidence in the record demonstrating that FARC recognizes and targets landowners as a group as opposed to targeting those with money in an

effort to expand their coffers.[1]  Moreover, the 2005 U.S. Department of State Country Report on Human Rights Practices in Colombia ("2005 Country Report"), which is included in the record, does not indicate that FARC specifically targets individuals on account of their ownership of land. Therefore, the agency reasonably found that Riano failed to demonstrate that "wealthy landowners" was a sufficiently cognizable group or that, even if it was, he was targeted on account of his membership in that group.  *See Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. at 76.

Accordingly, because the agency reasonably determined that Riano failed to demonstrate a nexus between any harm he suffered or continued to fear and a protected ground, the agency reasonably denied his application for withholding of removal.  *See* 8 C.F.R. § 1208.16(b)(1).

The agency also did not err in denying Riano's application for CAT relief because he failed to demonstrate

---

[1]  In his reply brief, Riano cites extra-record evidence that he contends demonstrates that FARC targets wealthy landowners.  However, because we must "decide the petition only on the administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A), we will not consider Riano's extra-record evidence.  Nor will we remand to the agency for it to consider such evidence.  *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007).

that FARC would likely torture him with the acquiescence of the Colombian government.  The agency's regulations define torture, in pertinent part, "as any act by which severe pain or suffering . . . [for certain purposes] is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1).  We have held that "acquiescence . . . requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."  *Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004).  As the government notes, the 2005 Country Report in the record indicates that the Colombian government has engaged in a long struggle with FARC and that conditions in Colombia have improved.  Moreover, Riano testified that he had not reported FARC's threats to the police.  *See* 8 C.F.R. § 1208.18(a)(7) ("Acquiescence of a public official requires that the public official prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.").  Nor does Riano refer to any evidence in the record demonstrating that the government of Colombia would likely acquiesce in FARC's threats or

torture.  Accordingly, we find that the agency reasonably denied his application for CAT relief.  *See id.*

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____